J. R. Swan, J.
The question made below and here, is whether the description of the articles mentioned in the mortgage is so uncertain and defective that they can not pass under the mortgage.
A mortgage of “ all the stock, tools, and chattels, belonging to ” the mortgagor, “ in and about the wheelright-shop occupied by him,” is not void as against creditors; and the mortgagee may show, by parol evidence, what articles were in and about the shop when the mortgage was made. Harding v. Colburn, 12 Met. 333. And to the same effect is Morse v. Pike, 15 N. H. 529; Burdett v. Hunt, 25 Maine, 419; Wolfe v. Dorr, 24 Maine, 104; Winslow et al. v. Merchants’ Ins. Co., 4 Met. 306.
*177 *The principle to be deduced from these cases is, that any description which will enable third persons to identify the property,, aided by inquiries which the mortgage itself indicates and directs,, is sufficient. The identity of the property is not, in such cases,, ascertained by any specific description which distinguishes it from other property of the same kind of species, but by its locality.
The planing-machines in controversy in this case were sufficiently described in respect to their locality; and the only question remaining in the case, is, whether the unfinished machines could be denominated planing-machines.
Machinists in the purchase of a planing-maehine, or the manufacturer, undertaking to furnish one for his customers, would of course be dealing about a complete working machine, and would not recognize as a planing-maehine one that was incomplete and unfinished. The machinists who were examined as witnesses in this case seem to have been impressed with this idea, in testifying that unfinished planing-machines were not in fact planing-machines.. That they were not planing-machines in this sense, is very clear; but it does not touch the question in the case. If it does, then every tool or implement mortgaged, if not perfect in its constituent parts, so as to be in working order, could not be covered by a mortgage or bill of sale, unless described as out of order or unfinished.
The real question is, whether so much of the machine was put-together, as that it could be denominated a planing-maehine in a mortgage or sale without misleading those who know what a planing-machine is. A watch without mainspring or hands-might, •very properly, be described in a mortgage as a watch; and it is-clear that some of the material constituents of an article may be wanting, and yet the article be sufficiently designated by its usual name. All that seems necessary in such case of an unfinished or incomplete article is, that so much of it is put together or exists as-to make it capable of identity as belonging to the description 'of article designated. To require more than this, would unnecessarily defeat a mortgage or other conveyance; loss than this would mislead third persons. The court below seem to have adopted the rule that a mortgage describing an article as a *planing-machine was void for uncertainty of description, because the planing-machine was unfinished. In this, a majority of the court are of the opinion that the district court erred. If sufficient of the materials *178 which usually compose a planing-machine were put together, bo that, from its appearance, persons acquainted with planing-machines would not be misled by that designation, it is sufficient, although ■other and material parts were necessary'to be added to make it complete. And the test of its answering the description does not depend so much upon the expense of the work and materials necessary to complete the machine, as upon the materials which have been put together indicating, from its appearance, that it is the kind •of machine named in the mortgage.
Some materials and labor were added to the planing-machines, by the mortgagor, after the mortgage was made. The amount of these is too vaguely proved to raise any question as to their effect upon the rights of the mortgagee or the creditors of the mortgagor.
' Judgment reversed.
Brinkerhoee, Scott, and Sutlief, JJ., concurred.
Bartley, C. J., dissented.